UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DETRICK DAVIS,

    Petitioner,

v.

                         Case No: 07-14604
                         HON. AVERN COHN

PERCY CONERLY,

    Respondent.

_____/

# MEMORANDUM AND ORDER
# DENYING PETITION FOR WRIT OF HABEAS CORPUS
# AND
# DENYING CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Detrick Davis, ("Petitioner"), is a state prisoner confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan. Petitioner has filed a pro se petition for writ of habeas corpus raising claims of prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. Petitioner was convicted of two counts of third-degree criminal sexual conduct, M.C.L. § 750.520d(1)(b). He was sentenced as an habitual offender, second offense, under M.C.L. § 769.10, to concurrent prison terms of 9 ½ to 22½ years. For the reasons that follow, the petition will be denied for failure to comply with the one-year statute of limitations.

## II. Factual Background

The Michigan Court of Appeals set forth the following facts surrounding

Petitioner's convictions which are presumed correct on habeas review, see Monroe v. Smith, 197 F. Supp.2d 753, 758 (E.D. Mich. 2001):

> In mid-June 2001, the victim met defendant at a lingerie booth located in a flea market where he offered to pay her $500 to pose in lingerie. She agreed. During the photo shoot, defendant did not make any sexual comments or advances toward the victim. The next day, the victim returned to the flea market to pick up her money and copies of the photographs. They arrived at defendant's sport utility vehicle (SUV) to retrieve the photographs and money when defendant pushed the victim inside the passenger side and drove to a secluded, wooded area behind the flea market. In the secluded area, the victim testified that defendant pulled her down on the seat and put his penis inside her vagina. The victim testified that she was crying, screaming, and telling defendant to stop. Despite her protests, the victim testified that he then forced her to engage in oral sex. The victim suffered from vaginal bleeding and bruising as a result of the sexual assault, but did not immediately report the crime.
>
> Two days later, the victim lacked energy and was in great pain as a result of the sexual assault. Consequently, she took prescribed pain medication and over-the-counter caffeine pills. A reaction to the drugs caused the victim to be hospitalized. The hospital records indicated that the victim had bruising on her "bilateral lower extremities." Hospital personnel treated the victim and requested that she reside in the psychiatric ward because they inferred that she tried to commit suicide. Approximately one week after her release, the victim reported the sexual assault to her friend and her mother. At the time fo the sexual assault, the victim was under the care of a psychiatrist because of the recent death of her fiancé. The victim was prescribed "anti-depressants and nerve pills" for depression and anxiety by her psychiatrist, but denied that the medications affected her ability to remember or recall the details of the sexual assault. The trial court did not allow the defense to elicit the actual names of the medications, noting that the actual names were meaningless without a foundation through expert testimony.
>
> Defendant gave two statements to police regarding his contact with the victim. In the first statement, defendant admitted photographing the victim, but denied having any physical contact with her. In the second statement, defendant initially denied any physical contact with the victim. Later in the interview, defendant admitted that there was sexual contact with the victim, but maintained that it was consensual. He denied that there was any penetration.

People v. Davis, No: 245592, 2004 WL 980136, *1, (Mich. Ct. App. May 6, 2004).

### III. Procedural History

Following Petitioner's conviction, he filed a direct appeal with the Michigan Court

of Appeals raising the following claims:

> I. The trial court's improper evidentiary rulings denied appellant his constitutional right to present evidence in support of his defense.
>
> II. The trial court's improper denial of appellant's motion for a mistrial requires that he be granted a new trial.
>
> III. The incorrect scoring of offense variables (OV) 3 and 11 in the sentence information report (SIR) used for appellant's sentencing requires that the appellant be resentenced.

The Michigan Court of Appeals affirmed Petitioner's conviction. Id.

Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. On August 25, 2005, Petitioner filed a motion for relief from judgment with the trial court raising the following claims: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) insufficient evidence; and (4) obstruction of justice by the complaining witnesses. On August 26, 2005, the following day, the trial court entered an order denying Petitioner's motion for relief from judgment. Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals which was denied. People v. Davis, No. 272468 (Mich. Ct. App. April 18, 2007). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court which was also denied on September 10, 2007. People v. Davis, 480 Mich. 859 (2007).

Petitioner filed his petition for writ of habeas corpus on October 17, 2007[1] raising claims of prosecutorial misconduct, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel.

## IV. Standard of Review

---

[1] Under the prison mailbox rule, the court will assume that Petitioner actually filed his habeas petition on October 17, 2007, the date that it was signed and dated. Neal v. Bock, 137 F.Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).

Under 28 U.S.C. §2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

"Clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

V. Analysis

A. Statute of Limitations

Respondent says that Petitioner's habeas petition is time barred because it was filed beyond the one year statute of limitations period. The Court agrees. Under 28 U.S.C. § 2244(d), the one year limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct

4

  review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed post-conviction motion is pending in state court is not counted toward the period of limitation. 28 U.S.C. §2244(d)(2).

  Here, Petitioner's direct appeal became final when the time in which to file an application for leave to appeal with the Michigan Supreme Court expired because Petitioner failed to file the application. Petitioner's application was due no later than on June 29, 2004 pursuant to M.C.R. 7.302(C)(4) (56 days following the Michigan Court of Appeals' May 4, 2004 opinion). Therefore, Petitioner had one-year from June 29, 2004 to timely file a petition for habeas relief with the federal court. 28 U.S.C. § 2244(d)(1)(A). Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with the federal court no later than June 29, 2005.[2]

---

  [2]Petitioner cannot benefit from receiving an additional 90 days in which to file his petition because Petitioner never filed an application for leave to appeal with the Michigan Supreme Court following the Michigan Court of Appeals' May 4, 2004 decision. Therefore, Petitioner's conviction became final following the expiration of the 56 days period for seeking review in the Michigan Supreme Court. Erwin v. Elo, 130 F.Supp.2d 887, 889 (E.D. Mich. 2001). Even if the 90-day time period were applicable in this case, the habeas petition would still have been untimely (i.e., the petition would

5

A properly filed application for state post-conviction review or other state collateral review (i.e., motion for relief from judgment or motion for a new trial) tolls the statute of limitations during the period the application is pending, but it cannot revive the statute of limitations period (i.e., restart the clock) after the limitations period has expired. See Hargrove v. Brigano, 300 F.3d 717, 718, n.1 (6th Cir. 2002); 28 U.S.C. §2244(d)(2). Such a post-judgment filing can only serve to pause a clock that has not yet fully run. Benoit v. Bock, 237 F.Supp.2d 804, 807 (E.D. Mich. 2003). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations.

Petitioner did not file his motion for relief from judgment until August 25, 2005, 57 days after the statute of limitation had already expired on June 29, 2005. Therefore, Petitioner's post-conviction motion had no effect on the limitations period and the habeas petition is time-barred.

## B. Equitable Tolling

Petitioner filed a reply brief which does not appear to present any arguments disputing the untimeliness of the habeas petition. He argues the substance of his habeas claims in an effort to establish his innocence. Petitioner also urges the Court to equitably toll the limitation period on the grounds that he lacked legal experience and he was in special education throughout his formative educational years. Therefore, he asserts that he is not knowledgeable about the Michigan rules of law.

Equitable tolling applies to the statute of limitations, Dunlap v. United States, 250

---

have been due on October 13, 2007 and it was not signed until October 17, 2007).

F.3d 1001, 1003 (6th Cir. 2001), but "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). A court must consider and balance the factors set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988), which are: (1) lack of actual notice of [the] filing requirement; (2) lack of constructive knowledge of [the] filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. Andrews, 851 F.2d at 151. "Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002).

Lack of prejudice to the respondent is not an independent basis for invoking the doctrine of equitable tolling, Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984).

Here, Petitioner was not diligent in pursuing his claims. He waited approximately fourteen months after his conviction became final to pursue any collateral remedies. Petitioner's ignorance of the law and lack of legal training are also not grounds for equitable tolling. Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004). Thus, Petitioner has not established that he is entitled to equitable tolling.

C. Actual Innocence

Petitioner also seeks equitable tolling on the basis of actual innocence.[3]

---

[3]Petitioner does not articulate an actual innocence analysis, but rather states that his substantive arguments demonstrate his innocence of the crimes with which he has

7

"[C]onstitutional concerns counsel in favor of upholding equitable tolling based on a credible claim of actual innocence," Souter v. Jones, 395 F.3d 577, 601 (6th Cir. 2005). However, to be credible, a claim of actual innocence must be supported by "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995); see also Souter, 395 F.3d at 600 (explaining that the actual innocence exception for time-barred claims is limited to the rare and extraordinary case where a habeas petitioner presents new evidence which undermines the reviewing court's confidence in the outcome of the trial). Petitioner must demonstrate "that more likely than not any reasonable juror would have reasonable doubt" in light of new evidence. House v. Bell, 547 U.S. 518, 538 (2006).

Petitioner has not produced any new and reliable evidence that undermines the Court's confidence in the verdict or that would lead a reasonable juror to have reasonable doubt about his guilt or innocence. As such, he has failed to allege a credible claim of actual innocence.[4]

### D. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal

---

been convicted.

[4]Petitioner filed a "Request" for legal counsel from an innocence program sponsored by SADO (State Appellate Defender's Office) or from Reverend Al Sharpton's National Action Network. Petitioner also wants the Court to order the prison law library to make copies of his trial transcripts and medical records. In light of the Court's decision, Petitioner's request is MOOT.

the denial of a habeas petition for relief from either a state or federal conviction.[5]  28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, a petition is rejected on procedural grounds,  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040. The Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability.  See Murphy

---

[5]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). The Court finds that reasonable jurists would not debate whether the petition is time barred or whether Petitioner's claims deserve to proceed further. As such, he is not entitled to a certificate of appealability.

VI. Conclusion

For the reasons stated above, Petitioner's claims are barred from substantive review by the one-year statute of limitations and Petitioner has failed to show he is entitled to equitable tolling or that he is actually innocent.

Accordingly, the petition is DENIED. A certificate of appealability is also DENIED.

SO ORDERED.


Dated: February 18, 2010     s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Detrick Davis 431173, Mid-Michigan Correctional Facility, 8201 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, February 18, 2010, by electronic and/or ordinary mail.

    s/ Julie Owens
Case Manager, (313) 234-5160